**Joseph E. CANOLES, Petitioner,**

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 03–3242.

United States Court of Appeals, Federal Circuit.

DECIDED: April 22, 2004.

Capt. Richard J. Martwick, Principal Attorney, Army Legal Services Agency, Arlington, VA, Bryant G. Snee, David M. Cohen, Nancy Kim, of Counsel, Department of Justice, Washington, DC, for Respondent.

W. Craig James, Principal Attorney, Mauk & Burgoyne, Boise, ID, for Petitioner.

Before MICHEL, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

This case comes to us on appeal from a final decision of the Merit Systems Protection Board ("MSPB"). The appellant, Joseph Canoles, was denied an enhanced retirement annuity under 5 U.S.C. § 8336(c) on the grounds that he was not transferred from a primary firefighting position into a secondary firefighting position. Because we agree that Canoles was not transferred from a primary to a secondary firefighting position and because any primary firefighting duties he undertook were the result of training for his secondary firefighting position, we *affirm*.

BACKGROUND

The facts of this case are uncontroverted. Canoles enlisted in the Air Force on September 12, 1962 and was assigned as a firefighter on the K.I. Sawyer Air Force Base at that time. After being discharged from the Air Force, he joined the Marquette, Michigan Fire Department and remained there for 11 months before accepting a civil service position as a Supervisory Firefighter at the K.I. Sawyer Air Force Base on August 1, 1967. During his first six to eight months as Supervisory Firefighter, Canoles underwent a firefighting training period. On April 1, 1973, Canoles accepted a civil service position as a Fire Chief on the Pease Air Force Base. He resigned from that position on August 24, 1990.

Prior to Canoles's resignation, the Office of Personnel Management ("OPM") determined that he was not eligible for service credit as a firefighter under 5 U.S.C. § 8336(c). Canoles requested reconsideration of that decision. On July 2, 1992, the OPM again denied Canoles firefighter credit. Canoles appealed that determination to the MSPB. After the MSPB first erroneously concluded that Canoles had untimely filed for the enhanced firefighter

retirement annuity, the case was remanded by this court for a decision on the merits. In June of 2003, the MSPB decided the case on the merits. In its opinion, the MSPB found that no qualifying transfer from a primary to a secondary firefighting position occurred during Canoles's tenure as Supervisory Firefighter. The MSPB therefore denied Canoles the enhanced firefighter retirement annuity on this basis. This appeal followed.

DISCUSSION

I.

We have jurisdiction over this appeal under 28 U.S.C. § 1295(a)(9) and must affirm a final decision of the MSPB unless it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c).

II.

Section 8336(c)(1) of Title 5 grants enhanced retirement annuities to those serving as "firefighter[s]" that are "separated from the service after becoming 50 years of age and completing 20 years of service." In this context, a firefighter is defined as

an employee, the duties of whose position are primarily to perform work directly connected to the control and extinguishment of fires or the maintenance and use of firefighting apparatus and equipment, including an employee engaged in this activity who is transferred to a supervisory or administrative position.

5 U.S.C. § 8331(21). Further, the relevant regulations define the types of transfers from primary firefighting positions to administrative or supervisory firefighting positions that qualify for the enhanced retirement annuity. *See* 5 C.F.R. §§ 831.902, 831.904(a).

Canoles concedes that he neither retired from a primary firefighting position nor was hired into a primary position when he was hired by the Department of the Air Force in 1967. Rather, he argues on appeal (as he argued before the MSPB) that he qualifies for an enhanced annuity based on the primary firefighting duties he performed during his initial training for his civil service position as a Supervisory Firefighter. Specifically, he maintains that "the nature of his [training] duties during the first six to eight months of his civil service employment allows him to meet the transfer requirements of 5 U.S.C. § 8331(21) and 5 C.F.R. § 831.904." Final Decision at 5–6.

The MSPB rejected Canoles's argument on a variety of grounds. First, it noted that there is no precedent that permits the bifurcation of service performed in the context of one position between "primary" and "secondary" service. *Canoles v. Dep't of the Air Force*, AT0831000446–M–3 at 6 ("Final Decision"). Rather, the MSPB noted, recent service credit cases adopt more of a "position-oriented" approach. *Id.* (citing *Watson v. Dep't of the Navy*, 86 M.S.P.R. 318 (2000), *aff'd*, 262 F.3d 1292 (2001)). Further, the Administrative Judge noted that this court has stated that a "transfer" from one position to another in the federal service "does not cover mere temporary detail to other jobs." *Id.* (citing *Morgan v. Office of Pers. Mgmt.*, 773 F.2d 282 (Fed.Cir.1985)). Using the precedent set in *Morgan* as well as the fact that Canoles continued in a secondary firefighter position while completing his train-

ing, the MSPB found that there was no transfer from a primary to a secondary firefighting position after Canoles's initial training period. *Id.* at 7.

### III.

Our examination of the case law and the relevant statutes leads us to conclude, as did the Administrative Judge, that Canoles's period of training for his supervisory position does not qualify him for an enhanced retirement annuity. What is clear from our review of the relevant law is that in order to qualify for an enhanced retirement annuity, one must either retire in a primary firefighter position or retire from a secondary firefighter position after having been transferred (i.e. promoted) from a primary position. The temporary performance of primary firefighting duties by one serving in a supervisory position does not create eligibility for an enhanced firefighter's retirement annuity.

The relevant case law supports this conclusion. No precedent permits the bifurcation of service in one position between primary and secondary firefighting service. As the MSPB rightly recognized, the recent trajectory of our case law emphasizes more the rationale behind the creation of a certain position over actual incidental duties performed. *See Watson v. Dep't of the Navy*, 262 F.3d 1292 (Fed.Cir.2001) (placing emphasis on the reason for a position's existence in analyzing early retirement coverage questions for law enforcement officers). As the MSPB has held, for an employee to qualify for firefighter service credit, the "primary duties of his position must be directly connected with the control and extinguishment of fires." *Dodd v. Dep't of the Interior*, 94 M.S.P.R. 174 (2003). It is not enough that "he performed some fire control duties, among his other position duties." *Id.*

Furthermore, this case law is amply supported by the language of the relevant statute, which speaks of firefighters qualifying for the enhanced retirement annuity as being employees "whose *position[s]* are *primarily* to perform work directly connected with the control and extinguishment of fires." 5 U.S.C. § 8331(21) (emphases added). Thus, the statute speaks in direct reference to whether or not the *position* involves a primary duty directly to perform firefighting work—not whether the work actually done at a discrete period in time was primary firefighting work. The civil service Supervisory Firefighter position to which Canoles was hired was defined by the OPM to be a secondary position whose main duties were supervisory. Therefore, Canoles did not meet the statutory definition of "firefighter" at any point from the time he re-entered the Air Force in August 1967 to the time he resigned from the Air Force in August 1990.

In addition, this court cannot disregard the importance of the transfer requirement in 5 U.S.C. § 8331(21). The transfer requirement, as imposed by Congress, works to prevent the judicial bifurcation of service that Canoles seeks. The text of the statute is clear—one can qualify for an enhanced retirement annuity either by being in a position where one's work is "directly connected to the control and extinguishment of fires" or by *transferring* from such a position to a supervisory position. 5 U.S.C. § 8331(21). A temporary detail involving other duties is not a transfer. *Cf. Morgan,* 773 F.2d at 285. Likewise, training for a supervisory position is not a transfer. And, as the MSPB noted, Canoles's "failure to perform supervisory duties during the first six to eight months of his tenure did not operate as a 'transfer' to a supervisory position." Final Decision at 7. Congress created only two paths to the enhanced firefighter retirement annuity—serving in a position directly connected to firefighting or transferring from such a position to a supervisory firefighting position. It did not say, although it was perfectly free to do so, that any person who undertook firefighting responsibilities would receive the annuity regardless of position.

Finally, Canoles's cited cases are all distinguishable from this case. The case most favorable to Canoles, *Ellis v. United States,* 222 Ct.Cl. 65, 610 F.2d 760 (1979), differs in that the firefighter in that case spent his entire career fighting fires, he lived on the base in question fighting fires and fought more fires than anyone else during his tenure at the Great Lakes Naval Training Center Fire Department. *Id.* at 764. Thus, there was no question of bifurcation in *Ellis.* Rather, the court in that case found that despite his title, Ellis was in fact serving full-time in a primary firefighting position. *Ellis* was, in essence, a misclassification case instead of a bifurcation case. Canoles's other cited case, *Perske v. Office of Personnel Management,* 25 F.3d 1014 (Fed.Cir.1994), is inapposite. *Perske* involved a firefighter who, unlike Canoles, entered service in a primary firefighter position.

The statutory text, the relevant case law and the facts all support the MSPB's decision to deny Canoles an enhanced retirement annuity under 5 U.S.C. § 8331(c). The MSPB's decision is therefore affirmed.